**KAZEROUNI LAW GROUP, APC**
Ryan L. McBride, Esq. (297557)
ryan@kazlg.com
301 E. Bethany Home Rd Suite C-195
Phoenix, AZ 85012
Telephone: (800) 400-6808
Facsimile: (800) 520-5523

*Attorneys for Plaintiff,*
Terri Lee Nichols

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Terri Lee Nichols, Individually and On Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>Credit Associates, LLC<br><br>Defendant. | Case No.:<br><br>**CLASS ACTION COMPLAINT**<br><br>**COMPLAINT FOR VIOLATION OF THE TELEPHONE CONSUMER PROTECTION ACT, 47 U.S.C. § 227, ET SEQ.**<br><br>**JURY TRIAL DEMANDED** |

### INTRODUCTION

1. The United States Congress has recognized the need to protect the privacy of consumers and reduce public safety risks associated with receiving unwanted telemarketer and debt-collector calls. As such, Congress enacted the Telephone Consumer Protection Act, 47 U.S.C. § 227 *et seq.*, to protect consumers from harmful telemarketing practices.

2. Plaintiff TERI LEE NICHOLS ("Plaintiff"), individually and on behalf of all others similarly situated, brings this action for damages and injunctive relief,

1 and any other available legal or equitable remedies, resulting from the illegal actions of defendant CREDIT ASSOCIATES, LLC ("Defendant") with regard to attempts by Defendant to negligently, knowingly and/or willfully transmit unsolicited, autodialed calls using an artificial or pre-recorded voice, to the cellular telephones of Plaintiff and the putative Class members, without consent, in violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq*., ("TCPA"), thereby invading the privacy of Plaintiff and the putative Class members.

3. Plaintiff makes these allegations on information and belief, with the exception of those allegations that pertain to Plaintiff, or to Plaintiff's counsel, which Plaintiff alleges on personal knowledge.

4. Upon information and belief, Defendant placed the automated calls, using an artificial or pre-recorded voice, to Plaintiff and others similarly situated without their consent for solicitation/telemarketing purposes, which is exactly the type of telephonic contact the TCPA was designed to prevent.

5. Unless otherwise indicated, the use of Defendant's name in this Complaint includes all agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers of the named Defendant.

6. Any violations by Defendant were knowing, willful, and intentional, and Defendant did not maintain procedures reasonably adapted to avoid any such specific violation.

**NATURE OF THE ACTION**

7. In 1991, Congress passed the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq*., ("TCPA"), in response to complaints about abusive telemarketing practices.

8. In enacting the TCPA, Congress intended to give consumers a choice as to how telemarketers may call them, and made specific findings that "[t]echnologies that might allow consumers to avoid receiving such calls are not universally available,

are costly, are unlikely to be enforced, or place an inordinate burden on the consumer. TCPA, Pub.L. No. 102–243, § 11. Toward this end, Congress found that:

> [b]anning such automated or prerecorded telephone calls to the home, except when the receiving party consents to receiving the call or when such calls are necessary in an emergency situation affecting the health and safety of the consumer, is the only effective means of protecting telephone consumers from this nuisance and privacy invasion.

*Id*. at § 12.

9. The Federal Trade Commission ("FCC") is charged with the authority to issue regulations implementing the TCPA. According to findings by the FCC, automated calls and text messages are prohibited under the TCPA because receiving them is a greater invasion of privacy and nuisance compared to live solicitation calls. The FCC has also acknowledged that wireless customers are charged for any incoming calls and text messages.

10. In 2015, the FCC noted, "[m]onth after month, unwanted robocalls and texts, both telemarketing and informational, top the list of consumer complaints received by the Commission." *In re Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991*, 18 FCC Rcd. 14014, ¶ 1 (2015).

11. The transmission of an unsolicited calls and voice messages to a cellular device is distracting and aggravating to the recipient and intrudes upon the recipient's seclusion.

**JURISDICTION AND VENUE**

12. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 because this case arises out of violation of federal law. 47 U.S.C § 227(b). Jurisdiction of this Court arises pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1367 for supplemental state claims.

13. Because Defendant directs and conducts business within the State of California and this judicial district, personal jurisdiction is established.

14. Personal jurisdiction and venue are proper in the Northern District of

CLASS ACTION COMPLAINT

California pursuant to 28 U.S.C. § 1391 for the following reasons: (1) Plaintiff resides within this judicial district; (2) the conduct complained of herein occurred within this judicial district; and (3) Defendant conducted business within this judicial district at all times relevant.

15. Specifically, Defendant invaded Plaintiff's privacy by contacting Plaintiff on her cellular telephone, which occurred while Plaintiff was located in the City of San Jose, State of California, which is within this judicial district.

## PARTIES

16. Plaintiff is an individual residing in the City of San Jose, State of California, and is, and at all times mentioned herein was, a "person" as defined by 47 U.S.C. § 153(39) and Cal. Civ. Code § 1788.2(g).

17. Plaintiff is informed and believes, and thereon alleges, that Defendant, is, and at all times mentioned herein was, a debt settlement company, registered in Texas. Plaintiff alleges that at all times relevant herein it conducted business in the State of California, in the City of San Jose, within this judicial district.

18. Defendant is, and at all times mentioned herein was, a "person" as defined by 47 U.S.C. § 153(39) and Cal. Civ. Code § 1788.2(g).

## FACTUAL ALLEGATIONS

19. At all times relevant, Plaintiff is an individual residing within the State of California. Plaintiff is informed and believes, and thereon alleges, that at all times relevant, Defendant conducted business in the State of California.

20. Plaintiff has been on the Do Not Call Registry since March 2022.

21. On or around May 4, 2022, Defendant placed a pre-recorded voice call to Plaintiff. The pre-recorded voice gave Plaintiff directions to press one if she owed more than $10,000 in debt.

22. On or around May 7, 2022, a live agent called Plaintiff and left a voicemail identifying Plaintiff by name and stating that he was an agent calling on behalf of Defendant.

- 4 -
CLASS ACTION COMPLAINT

23. Both calls by Defendant were made after Plaintiff had been on the DNC registry for at least 31 days.

24. Plaintiff was confused, frustrated and annoyed as to why she was receiving telephone calls from Defendant when she expressly revoked her consent for Defendant to contact her in any manner by registering with the DNC registry.

25. Upon information and belief, the above two calls were placed via an "automatic telephone dialing system," ("ATDS") as defined by 47 U.S.C. § 227 (a)(1), using an "artificial or prerecorded voice" as prohibited by 47 U.S.C § 227(b)(1)(A), to contact Plaintiff for telemarketing purposes.

26. When answering the telephone call, Plaintiff heard a computerized voice and/ or pre-recorded voice message asking her to press numbers for a specified debt amount.

27. Upon information and belief this telephone dialing equipment used by Defendant, or its agent, has the capacity to store or produce telephone numbers to be called, using a random or sequential number generator.

28. Upon information and belief, this telephone dialing equipment also has the capacity to dial telephone numbers stored in a database or as a list, without human intervention.

29. Plaintiff is informed and believes and here upon alleges, that these calls were made by Defendant or Defendant's agent, with Defendant's permission, knowledge, control and for Defendant's benefit.

30. Through Defendant's aforementioned conduct, Plaintiff suffered an invasion of a legally protected interest in privacy, which is specifically addressed and protected by the TCPA.

31. Defendant's calls forced Plaintiff and other similarly situated class members to live without the utility of their cellular phones by occupying their telephone with one or more unwanted calls, causing nuisance and lost time.

32. The telephone number Defendant or its agent called was assigned to a

- 5 -
CLASS ACTION COMPLAINT

cellular telephone service for which Plaintiff incurs a charge for a cellular telephone service pursuant to 47 U.S.C. § 227(b)(1).

33. The calls to Plaintiff were not for emergency purposes as defined by 47 U.S.C. § 227(b)(1)(A)(i).

34. Defendant's calls to Plaintiff cellular telephone number were unsolicited by Plaintiff and were placed after Plaintiff had properly been registered for the DNC list. Therefore, Defendant did not have "prior express consent" to call Plaintiff by means of an ATDS and/ or artificial or pre-recorded voice as prohibited by 47 U.S.C § 227(b)(1)(A).

## CLASS ACTION ALLEGATIONS

35. Plaintiff brings this action on behalf of Plaintiff and all others similarly situated.

36. Plaintiff represents, and is a member of two Classes, pursuant to Fed. R. Civ. P. 23(b)(3) and/or (b)(2). The first Class defined as the "Pre-recorded Voice Class," is defined as follows:

> All persons within the United States who received any solicitation/telemarketing call from an automated voice from Defendant, its employees or its agents, to their cellular telephone and such person had not previously provided express consent to receiving such phone calls, within the four years prior to the filing of the Complaint, through the date of class certification.

37. The second Class defined as the "Do-Not-Call Class" is defined as follows:

> All persons within the United States who received at least two calls from Defendant within a 12-month period, and such person has been on the national do-not-call registry for at least 31 days at the time of the first call received, and such person had not previously provided express consent to receiving such phone calls, within the four years prior to the filing of the Complaint, through the date of class

certification.

38. Excluded from the putative Classes are: (1) Defendant, any entity or division in which Defendant has a controlling interest, and their legal representatives, officers, directors, assigns, and successors; (2) the Judge to whom this case is assigned and the Judge's staff; and (3) those persons who have suffered personal injuries as a result of the facts alleged herein.

39. Plaintiff reserves the right to redefine the putative Classes, and to add and redefine any additional subclass as appropriate based on discovery and specific theories of liability.

40. The putative Classes that Plaintiff seeks to represent contains numerous members and is ascertainable including, without limitation, by using Defendant's records to determine the size of the putative Class and to determine the identities of individual putative Class members.

**Numerosity**

41. The members of the putative Classes are so numerous that joinder of all members would be unfeasible and impractical. The membership of the putative Classes is currently unknown to Plaintiff at this time. However, given that, on information and belief, Defendant sent or transmitted, or had sent or transmitted on its behalf, unsolicited calls to hundreds, if not thousands, of customers' cellular telephones nationwide using an ATDS, and transmitting an artificial or prerecorded voice message, during the proposed class period, it is reasonable to presume that the members of the putative Classes are so numerous that joinder of all members is impracticable. The disposition of their claims in a class action will provide substantial benefits to the parties and the Court.

**Commonality**

42. There are questions of law and fact common to the putative Classes that predominate over any questions affecting only individual Class members. Those common questions of law and fact include, without limitation, the following:

a) Whether within the four years prior to the filing of this Complaint, Defendant or employees or agents transmitted any calls, including any artificial or prerecorded calls, without the prior express consent of Plaintiff and putative Class members using an "automatic telephone dialing system";

b) Whether Defendant can meet its burden to show Defendant has prior express consent to send the calls complained of, assuming such an affirmative defense is raised;

c) Whether Defendant's conduct was knowing and/or willful;

d) Whether Plaintiff and the members of the putative Class were damaged thereby, and the extent of damages for such violation;

e) Whether members of the putative Classes were registered on the do-not-call registry at least 31 days before receiving calls from Defendant;

f) Whether Defendant or affiliates, subsidiaries, or agents of Defendant should be enjoined from engaging in such conduct in the future;

g) Whether Defendant can satisfy the bona fide error affirmative defense, assuming such an affirmative defense is raised.

**Typicality**

43. Plaintiff is qualified to, and will, fairly and adequately protect the interests of each putative Class member with whom they are similarly situated, and Plaintiff's claims (or defenses, if any) are typical of all members of the putative Classes, as demonstrated herein.

44. Plaintiff represents and is a member of the putative Class because Plaintiff received at least one call using a prerecorded voice through the use of an automatic telephone dialing system, without prior express consent to the Defendant within the meaning of the TCPA. Further, Plaintiff's phone number was on the national do-not-call registry at least 31 days before receiving the first call from Defendant. Consequently, the claims of Plaintiff are typical of the claims of putative

Class members and Plaintiff's interests are consistent with and not antagonistic to those of the other members of the putative Classes that Plaintiff seeks to represent.

45. Plaintiff and all members of the putative Class have been impacted by, and face continuing harm arising out of, Defendant's violations or misconduct as alleged herein.

**Adequacy**

46. Plaintiff is qualified to, and will, fairly and adequately protect the interests of each member of the putative Classes with whom Plaintiff is similarly situated, as demonstrated herein. Plaintiff acknowledges that Plaintiff has an obligation to make known to the Court any relationship, conflicts, or differences with any members of the putative Classes. Plaintiff's attorneys, the proposed class counsel, are versed in the rules governing class action discovery, certification, and settlement.

47. In addition, the proposed class counsel is experienced in handling claims involving consumer actions and violations of Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq*. Plaintiff has incurred, and throughout the duration of this action, will continue to incur costs and attorneys' fees that have been, are, and will be, necessarily expended for the prosecution of this action for the substantial benefit of each member of the putative Classes. Neither Plaintiff nor Plaintiff's counsel have any interests adverse to those of the other members of the putative Classes.

**Predominance**

48. Questions of law or fact common to the members of the putative Classes predominate over any questions affecting only individual members of the class. The elements of the legal claims brought by Plaintiff and members of the putative Class are capable of proof at trial through evidence that is common to the class rather than individual to its members.

**Superiority**

49. A class action is superior to other available methods for the fair and efficient adjudication of this controversy because individual litigation of the claims of

all members of the putative Classes is impracticable and questions of law and fact common to the putative Classes predominate over any questions affecting only individual members of the putative Classes. Even if every individual member of the putative Classes could afford individual litigation, the court system could not. It would be unduly burdensome to the courts if individual litigation of the numerous cases were to be required.

50. Individualized litigation also would present the potential for varying, inconsistent, or contradictory judgments, and would magnify the delay and expense to all parties and to the court system resulting from multiple trials of the same factual issues. By contrast, conducting this action as a class action will present fewer management difficulties, conserve the resources of the parties and the court system, and protect the rights of each member of the putative Classes. Further, it will prevent the very real harm that would be suffered by numerous members of the putative Classes who will be unable to enforce individual claims of this size on their own, and by Defendant's competitors, who will be placed at a competitive disadvantage because they chose to obey the law. Plaintiff anticipates no difficulty in the management of this case as a class action.

51. The prosecution of separate actions by individual members of the putative Classes may create a risk of adjudications with respect to them that would, as a practical matter, be dispositive of the interests of other members not parties to those adjudications, or that would otherwise substantially impair or impede the ability of those non-party members of the putative Classes to protect their interests.

52. The prosecution of individual actions by members of the putative Classes would establish inconsistent standards of conduct for Defendant.

53. Defendant has acted or refused to act in ways generally applicable to the putative Classes, thereby making appropriate final and injunctive relief or corresponding declaratory relief with regard to members of the putative Classes as a whole. Likewise, Defendant's conduct as described above is unlawful, is capable of

repetition, and will continue unless restrained and enjoined by the Court.

54. The Classes may also be certified because:

(a) the prosecution of separate actions by individual members would create a risk of inconsistent or varying adjudication with respect to individual members, which would establish incompatible standards of conduct for Defendants;

(b) the prosecution of separate actions by individual members would create a risk of adjudications with respect to them that would, as a practical matter, be dispositive of the interests of other members of the putative Classes not parties to the adjudications, or substantially impair or impede their ability to protect their interests; and,

(c) Defendants have acted or refused to act on grounds generally applicable to the putative Classes, thereby making appropriate final and injunctive relief with respect to the members of the putative Class as a whole.

55. This suit seeks only damages and injunctive relief for recovery of statutory damages on behalf of the putative Classes and it expressly is not intended to request any recovery for personal injury and claims related thereto.

**FIRST CAUSE OF ACTION**
**NEGLIGENT VIOLATIONS OF THE TCPA**
**47 U.S.C. § 227(B).**
**ON BEHALF OF THE CLASS**

56. Plaintiff repeats and incorporates by reference the allegations set forth above as though fully stated herein.

57. The forgoing acts and omissions of Defendant constitute numerous and multiple negligent violations of the TCPA, including but not limited to each and every one of the above-cited provisions of 47 U.S.C. § 227(b), Defendant's repeated automated calls using an artificial and/or prerecorded voice to Plaintiff's cellular phone, without any prior express consent.

- 11 -
CLASS ACTION COMPLAINT

58. As a result of Defendant's negligent violations of 47 U.S.C. § 227, Plaintiff and all members of the putative Class are entitled to, and do seek, injunctive relief prohibiting such conduct violating the TCPA in the future.

59. As a result of Defendant's negligent violations of 47 U.S.C. § 227, Plaintiff and all members of the Class are also entitled to, and do seek, an award of $500.00 statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B).

**SECOND CAUSE OF ACTION**
**KNOWING AND/OR WILLFUL VIOLATIONS OF THE TCPA**
**47 U.S.C. § 227(B).**
**ON BEHALF OF THE CLASS**

60. Plaintiff repeats and incorporates by reference the allegations set forth above as though fully stated herein.

61. The foregoing acts and omissions of Defendant constitute numerous and multiple knowing and/or willful violations of the TCPA, including but not limited to each and every one of the above-cited provisions of 47 U.S.C. § 227(b).

62. As a result of Defendant's knowing and/or willful violations of 47 U.S.C. § 227(b), Plaintiff and all members of the putative Class are entitled to, and do seek, injunctive relief prohibiting such conduct violating the TCPA in the future.

63. As a result of Defendant's knowing and/or willful violations of 47 U.S.C. § 227 (b), Plaintiff and all members of the putative Class are also entitled to, and do seek, an award of $1,500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).

**THIRD CAUSE OF ACTION**
**NEGLIGENT VIOLATIONS OF THE TCPA**
**47 U.S.C. § 227(B).**
**(ON BEHALF OF PLAINTIFF AND THE DNC CLASS)**

64. Plaintiff re-alleges and incorporates the foregoing allegations as if fully set forth herein.

65. The foregoing acts and omissions of Defendant constitute numerous and multiple negligent violations of the TCPA, including but not limited to each and every

one of the above-cited provisions of *47 U.S.C. § 227(c)*, and in particular *47 U.S.C. § 227(c)(5)*.

66. As a result of Defendant's' negligent violations of *47 U.S.C. § 227(c)*, Plaintiff and the Do-not-call Class Members are entitled an award of $500.00 in statutory damages in the amount of $500, for each and every violation, pursuant to *47 U.S.C. § 227(c)(5)(B)*.

67. Plaintiff and the Do-not-call Class members are also entitled to and seek injunctive relief prohibiting such conduct in the future.

### FOURTH CAUSE OF ACTION
### KNOWING/WILLFUL VIOLATIONS OF THE TCPA
### 47 U.S.C. § 227(C).
### (ON BEHALF OF THE PLAINTIFF AND THE DNC CLASS)

68. Plaintiff repeats and incorporates by reference into this cause of action the allegations set forth in the paragraphs above.

69. The foregoing acts and omissions of Defendants constitutes numerous and multiple knowing and/or willful violations of the TCPA, including but not limited to each and every one of the above cited provisions of *47 U.S.C. § 227(*c), in particular *47 U.S.C. § 227 (c)(5)*.

70. As a result of Defendants' knowing and/or willful violations of *47 U.S.C. § 227(c)*, Plaintiff and the Do-not-call Class members are entitled an award of $1,500.00 in statutory damages, for each and every violation, pursuant to *47 U.S.C. § 227(c)(5)*.

71. Plaintiff and the Do-not-call Class members are also entitled to and seek injunctive relief prohibiting such conduct in the future.

*///*
*///*
*///*
*///*
*///*

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, on behalf of himself and members of the Classes, prays for the following relief:

- That this action be certified as a Class Action, establishing the putative Classes and any appropriate sub-classes that the Court may deem appropriate;
- Appointing Plaintiff as the representative of the putative Classes ;
- Appointing the law firms representing Plaintiff as Class Counsel;
- Pre-judgment and post-judgment interest;
- Costs of suit;
- An award of reasonable attorneys' fees and costs to Plaintiff and the putative Class, pursuant to the common fund doctrine and, *inter alia,* California Code of Civil Procedure § 1021.5

**FIRST CAUSE OF ACTION**
**NEGLIGENT VIOLATIONS OF THE TCPA**
**47 U.S.C. § 227(B)**

- An award of $500.00 in statutory damages to Plaintiff and each member of the Class for each and every negligent violation of 47 U.S.C. § 227(b)(1) by Defendant, pursuant to 47 U.S.C. § 227(b)(3)(B);
- Pursuant to 47 U.S.C. § 227(b)(3)(A), injunctive relief prohibiting such conduct in the future;
- Any other further relief that the court may deem just and proper.

**SECOND CAUSE OF ACTION**
**KNOWING AND/OR WILLFUL VIOLATIONS OF THE TCPA**
**47 U.S.C. § 227(B)**

- An award of $1,500.00 in statutory damages to Plaintiff and each member of the Class for each and every knowing and/or willful violation of 47 U.S.C. § 227(b)(1) by Defendant, pursuant to 47 U.S.C. § 227(b)(3)(B);
- An order providing injunctive relief prohibiting such conduct in the future, pursuant to 47 U.S.C. § 227(b)(3)(A);

- Any other further relief that the court may deem just and proper.

### THIRD CAUSE OF ACTION
### NEGLIGENT VIOLATIONS OF THE TCPA
### 47 U.S.C. § 227(C)

- An award of $500.00 in statutory damages to Plaintiff and each member of the Class for each and every negligent violation of 47 U.S.C. § 227(c) by Defendant, pursuant to 47 U.S.C. § 227(b)(3)(B);

- Pursuant to 47 U.S.C. § 227(b)(3)(A), injunctive relief prohibiting such conduct in the future;

- Any other further relief that the court may deem just and proper.

### FOURTH CAUSE OF ACTION
### KNOWING AND/OR WILLFUL VIOLATIONS OF THE TCPA
### 47 U.S.C. § 227(C)

- An award of $1,500.00 in statutory damages to Plaintiff and each member of the Class for each and every knowing and/or willful violation of 47 U.S.C. § 227(c) by Defendant, pursuant to 47 U.S.C. § 227(b)(3)(A);

- An order providing injunctive relief prohibiting such conduct in the future, pursuant to 47 U.S.C. § 227(b)(3)(A);

- Any other further relief that the court may deem just and proper.

### JURY DEMAND

72. Pursuant to the Seventh Amendment to the Constitution of the United States of America, Plaintiff is entitled to, and demands, a trial by jury.

Dated: December 19, 2022                    Respectfully submitted,

**KAZEROUNI LAW GROUP, APC**

By: s/Ryan L. McBride
RYAN MCBRIDE, ESQ.
ryan@kazlg.com
ATTORNEY FOR PLAINTIFF